

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/08/2017

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MEMORIAL PRODUCTION | § | Case No. 17-30262 |
| PARTNERS LP, *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | Re: Docket No. 10 |

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362(d), 363(b), AND 503(b) AND FED. R. BANKR. P. 4001, 6003, AND 6004 (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE THEIR INSURANCE PROGRAMS AND SURETY BOND PROGRAM AND (B) PAY ALL OBLIGATIONS, INCLUDING PREPETITION OBLIGATIONS, RELATED THERETO AND (II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS

Upon the motion, dated January 16, 2017 (the "**Motion**"),[2] of Memorial Production Partners LP ("**MEMP**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for (i) authority to (a) continue their Insurance Programs and Surety Bond Program in accordance with the applicable insurance policies and indemnity agreements and authority to perform their obligations with respect thereto during these chapter 11 cases, and (b) pay any prepetition obligations arising under the Insurance Programs or Surety Bond Program, if any; (ii) modification of the automatic stay to the extent necessary to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Memorial Production Partners LP (6667); Memorial Production Partners GP LLC; MEMP Services LLC (1887); Memorial Production Operating LLC; Memorial Production Finance Corporation (3356); WHT Energy Partners LLC; WHT Carthage LLC; Memorial Midstream LLC; Beta Operating Company, LLC; Columbus Energy, LLC; Rise Energy Operating, LLC; Rise Energy Minerals, LLC; Rise Energy Beta, LLC; San Pedro Bay Pipeline Company (1234); and Memorial Energy Services LLC. The Debtors' mailing address is 500 Dallas Street, Suite 1600, Houston, Texas 77002.

[2] All capitalized terms, used but not otherwise defined herein, shall have the meanings ascribed to them in the Motion.

permit the Debtors' employees to proceed with any claims they may have under the Workers' Compensation Programs; and (iii) related relief, pursuant to sections 105(a), 362(d), 363(b), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, as more fully set forth in the Motion; and upon consideration of the Stillwell Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion on January 17, 2017; and the Court having granted interim relief on the Motion on January 17, 2017 (ECF No. 56); and all objections to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to sections 105(a), 362(d), 363(b), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, the Debtors are authorized to continue their Insurance Programs[3] and Surety Bond Program, and to perform their obligations with respect thereto.

---

[3] The term "Insurance Programs" shall include all insurance policies issued to or providing coverage to the Debtors (or any predecessor) at any time whether current or expired and all agreements related thereto whether or not listed on Exhibit C to the Motion.

2. The Debtors are authorized to pay any prepetition amounts, if any, owed in respect of the Insurance Programs and the Surety Bond Program, each in the ordinary course and consistent with past practice.

3. Nothing in the Motion or this Order shall alter or amend, nor is intended to alter or amend, the terms and conditions of the Insurance Programs.

4. Nothing in the Motion or this Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Surety Bond Program and nothing in this Order renders any claim by any third party based on a prepetition actual, potential or asserted liability of the Debtors, which claim may or does result in a loss to a surety under the Surety Bond Program, into a postpetition claim or expense of administration.

5. Except as expressly set forth herein, to the extent any surety bond or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the assumption or postpetition reaffirmation of those surety bonds or related agreements under section 365 of the Bankruptcy Code.

6. The automatic stay, to the extent applicable, shall be modified to permit (i) the Debtors' employees to proceed with any claims they may have under the Workers' Compensation Programs[4] and (ii) the Debtors' insurers and third party administrators under the Workers' Compensation Programs to handle, administer, defend, settle and/or pay claims covered under the Workers' Compensation Programs.

---

[4] The term "Workers' Compensation Program" shall (i) include all insurance policies issued to or providing workers' compensation coverage to the Debtors (or any predecessor) at any time whether current or expired and all agreements related thereto whether or not listed in Exhibit C to the Motion and (ii) be a subset of Insurance Programs.

7. All applicable banks and other financial institutions are authorized, but not directed, to receive, process, honor, and pay all checks presented for payment by the Debtors and to honor all fund transfer requests related to such obligations to the extent that sufficient funds are on deposit and standing in the Debtors' credit in the applicable bank accounts to cover such payments. Such applicable banks and other financial institutions are authorized to accept and honor all representations and instructions from the Debtors as to which check, ACH transfer, draft, wire, or other transfer drawn or issued by the Debtors before the Petition Date should be honored pursuant to any order of this Court. Such banks and financial institutions shall not have any liability to any party for (a) relying on this Order or the representations or instructions by the Debtors as provided for herein or any other order of this Court, or (b) honoring or not honoring any check, ACH transfer, draft, wire, or other transfer in a good-faith belief that the Court has or has not authorized the honoring of such check, ACH transfer, draft, wire, or other such transfer. Without limiting the foregoing, all banks and other financial institutions may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such banks and financial institutions shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

8. The Debtors are further authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

9. Nothing in the Motion or this Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due.

10. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (iv) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

11. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder, shall be subject to the same limitations and restrictions as are provided for in any interim or final order (the "**Cash Collateral Orders**") entered pursuant to the *Emergency Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 507, Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 and Bankruptcy Local Rule 4001-1, inter alia, (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing*. To the extent there is any conflict between this Order and the Cash Collateral Orders, the terms of the Cash Collateral Orders shall control.

12. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: __2-8__, 2017
Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE