

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
02/27/2017

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| | § | |
| **MEMORIAL PRODUCTION** | § | **Case No. 17-30262** |
| **PARTNERS LP,** *et al.*, | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | **Re: Docket Nos. 19, 20** |

## ORDER (I) APPROVING THE ADEQUACY OF DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED JOINT PLAN OF REORGANIZATION, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF

Upon the motion, file January 17, 2017 at ECF No. 20 (the "**Motion**")[2] of

Memorial Production Partners LP and its debtor affiliates, as debtors and debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a), 1125, 1126, and 1128 of title 11 of the

United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017, 3018, 3020, and

9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the

*Procedures for Complex Chapter 11 Bankruptcy Cases for the United States Bankruptcy Court*

*for the Southern District of Texas*, for entry of an order (the "**Order**"):

      (i)      approving the form and manner of notice of the hearing to consider adequacy of the *Disclosure Statement for Amended Joint Plan of Reorganization of Memorial Production Partners LP, et al. under Chapter*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Memorial Production Partners LP (6667); Memorial Production Partners GP LLC; MEMP Services LLC (1887); Memorial Production Operating LLC; Memorial Production Finance Corporation (3356); WHT Energy Partners LLC; WHT Carthage LLC; Memorial Midstream LLC; Beta Operating Company, LLC; Columbus Energy, LLC; Rise Energy Operating, LLC; Rise Energy Minerals, LLC; Rise Energy Beta, LLC; San Pedro Bay Pipeline Company (1234); and Memorial Energy Services LLC. The Debtors' mailing address is 500 Dallas Street, Suite 1600, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

*11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**," and such hearing the "**Disclosure Statement Hearing**," and the notice thereof, the "**Disclosure Statement Hearing Notice**") and any objections thereto;

(ii)  approving the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

(iii)  approving the Solicitation Procedures with respect to the *Amended Joint Plan of Reorganization of Memorial Production Partners LP, et al. under Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time, the "**Plan**"), including the forms of Ballots;

(iv)  scheduling a hearing to consider confirmation of the Plan;

(v)  approving the form and manner of notice of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**" and the notice thereof, the "**Confirmation Hearing Notice**"); and

(vi)  granting related relief,

as more fully set forth in the Motion; and upon consideration of the Stillwell Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion on February 27, 2017; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

WEIL:\96036842\3\62739.0004

**IT IS HEREBY ORDERED THAT:**

1.      The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is approved.  The Disclosure Statement provides sufficient notice of the proposed injunction, exculpation, and release provisions contained in Sections 10.5, 10.6, 10.7, and 10.8 of the Plan, in accordance with Bankruptcy Rule 3016(c).

2.      The form and manner of service of the Disclosure Statement Hearing Notice complied with all applicable Bankruptcy Rules and Local Rules and no further or other notice is necessary.

3.      The following dates are hereby established (subject to modification as necessary) with respect to solicitation of votes, and voting on, the Plan and confirming the Plan:

| Event | Date/Deadline |
|---|---|
| Voting Record Date | February 21, 2017 |
| Disclosure Statement Hearing | February 27, 2017 at 2:00 p.m. (Central Time) |
| Commencement of Solicitation | Not later than March 3, 2017 |
| Plan Supplement Deadline | March 24, 2017 |
| Voting Deadline | March 27, 2017 at 4:00 p.m. (Central Time) |
| Plan Objection Deadline | March 27, 2017 at 4:00 p.m. (Central Time) |
| Plan Reply Deadline | March 31, 2017 at 4:00 p.m. (Central Time) |
| Confirmation Hearing | April 4, 2017 at 10:00 a.m. (Central Time) |

4.      The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures described in the Motion, which are approved in their entirety.  Provided, only timely received ballots will be tabulated, subject to further Court order.

5.      Pursuant to Bankruptcy Rules 3017(d) and 3017(e), the Debtors are authorized to provide holders of interests in Class 9 (Memorial Parent Interests) with the Memorial Limited Partner Notice, substantially in the form attached to this Order as Exhibit 2, in lieu of copies of the Plan and Disclosure Statement in connection with solicitation of the Plan;

provided that upon request from any holder of interests in Class 9 (Memorial Parent Interests), the Debtors will (at their expense) provide such holder with electronic or paper copies of the Plan or Disclosure Statement.

6. Pursuant to the Plan, holders of claims or equity interests in Class 3 (Beta Trust Claims), Class 4 (RBL Credit Facility Claims), Class 5 (Unsecured Notes Claims), and Class 9 (Memorial Parent Interests) (the "**Voting Classes**") are impaired and are entitled to receive distributions under the Plan. Accordingly, holders of Allowed claims or equity interests in such classes are entitled to vote on account of such claims or equity interests (to the extent set forth herein).

7. Pursuant to the Plan, holders of claims and equity interests in Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), Class 6 (General Unsecured Claims), Class 7 (Intercompany Claims), and Class 8 (Intercompany Interests) are unimpaired and therefore presumed to accept pursuant to section 1126(f) of the Bankruptcy Code (collectively, the "**Non-Voting Holders**"). Accordingly, holders of claims or equity interests in such classes are not entitled to vote on account of such claims or equity interests (to the extent set forth herein).

8. The Ballots, substantially in the forms attached to the Motion as **Exhibits B-1**, **B-2**, **B-3** (as amended), **B-4** (as amended), **B-5**, and **B-6** are approved.

9. The Non-Voting Notice, substantially in the form attached to the Motion as **Exhibit B-8** is approved. The Debtors are authorized to send the Non-Voting Notice and the Confirmation Hearing Notice to the Non-Voting Holders in lieu of a Solicitation Package.

10. The procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are approved in their entirety.

11.     The Debtors are authorized to send the Disclosure Statement and Plan in CD-ROM format instead of printed hard copies.  The Plan and Disclosure Statement will be available at no charge via the Internet at www.omnimgt.com/MemorialPP.  However, if service by CD-ROM imposes a hardship for any party in interest entitled to receive a copy of the Plan and the Disclosure Statement, such party in interest may request a paper copy of the Plan and the Disclosure Statement by contacting Rust Consulting/Omni Bankruptcy (the "**Voting Agent**") at +1 (877) 773-8184 (toll free), or sending an electronic mail message to MEMP@omnimgt.com with "MEMP" in the subject line.  Upon receipt of such request, the Debtors will provide such party in interest with a paper copy of the Plan and the Disclosure Statement at no cost to the party in interest within **five business days** thereafter.

12.     With respect to addresses from which Solicitation Packages are returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

13.     To assist in the solicitation process, the Voting Agent may, but is not obligated to, contact parties that submit incomplete or otherwise deficient ballots to make a reasonable effort to cure such deficiencies.  Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Bankruptcy Court) determines.  Neither the Debtors nor any other person will be under any duty

WEIL:\96036842\3\62739.0004

to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will be invalidated.

14.     The Debtors or their Voting Agent, as applicable, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots. The Debtors are authorized to reject any and all Ballots submitted not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, as applicable, be unlawful. The Debtors are further authorized to reserve their respective rights to waive any defects or irregularities or conditions of delivery as to any particular Ballot by any of their claim or equity security holders.

15.     The Confirmation Hearing will be held on **April 4, 2017 at 10:00 a.m. (Central Time)**. The Confirmation Hearing may be adjourned without further notice to parties in interest other than by an announcement in Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

16.     Any responses or objections to the confirmation of the Plan must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with this Court, together with proof of service, by **4:00 p.m. (Central Time) on March 27, 2017** (the "**Plan Objection Deadline**"). **Any objections not timely filed and served in the manner set forth in this Order may not be considered and may be overruled**.

17.     Notice of the Confirmation Hearing as proposed in the Motion and the form of Confirmation Hearing Notice, substantially the form attached hereto as **Exhibit 1**, shall be deemed good and sufficient notice of the Confirmation Hearing and no further notice need be given.  The Debtors shall cause the Voting Agent to mail a copy of the Confirmation Hearing Notice to the parties set forth in the Motion not later than March 3, 2017.  The notice procedures set forth in this paragraph 17 constitute good and sufficient notice of the Confirmation Hearing, the Plan Objection Deadline, and procedures for objecting to confirmation of the Plan.

18.     If the Nominees incur expenses in connection with distribution of the Confirmation Hearing Notice, the Debtors are authorized but not directed to reimburse such Nominees for their reasonable, customary, and documented expenses incurred thereto.

19.     The Debtors are authorized but not directed, pursuant to Bankruptcy Rule 2002(*l*), to give supplemental publication notice of the Confirmation Hearing and Plan Objection Deadline (in a form substantially similar to the Confirmation Hearing Notice or a summary thereof) not less than **14 calendar days** before the Confirmation Hearing in the *Houston Chronicle* and the national edition of *USA Today*, and any other trade or other publications the Debtors deem necessary in their discretion, which publication notice shall constitute good and sufficient notice of the Confirmation Hearing and the Plan Objection Deadline to persons who do not receive the Confirmation Hearing Notice by mail.

20.     The Debtors shall file the Plan Supplement (as defined in the Plan) no later than **March 24, 2017**.

21.     The Debtors are authorized and empowered, before the Confirmation Hearing in aid of confirmation and implementation of the Plan, to take all corporate actions necessary or appropriate to form corporate entities, retain a securities transfer agent, change the

WEIL:\96036842\3\62739.0004

business name of the Reorganized Debtors as of the Effective Date, and cause certain restricted common units of Memorial Production Partners LP to vest.

22.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

23.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

24.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

25.     This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated:   2-27      , 2017
         Houston, Texas

HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

WEIL:\96036842\3\62739.0004

**<u>Exhibit 1 to Order</u>**

**Confirmation Hearing Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
|  | § |  |
| **MEMORIAL PRODUCTION** | § | Case No. 17-30262 |
| **PARTNERS LP**, *et al.*, | § |  |
|  | § |  |
| Debtors. | § | (Jointly Administered) |

NOTICE OF (I) APPROVAL OF DISCLOSURE
STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD
DATE, (III) HEARING ON CONFIRMATION OF THE PLAN,
(IV) PROCEDURES AND DEADLINE FOR OBJECTING TO THE PLAN,
AND (V) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN

**NOTICE IS HEREBY GIVEN** as follows:

1.       On January 16, 2017 (the "**Petition Date**"), Memorial Production Partners LP and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced a case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

2.       On February 27, 2017, the Bankruptcy Court held a hearing (the "**Disclosure Statement Hearing**") at which it approved the *Disclosure Statement for Amended Joint Plan of Reorganization of Memorial Production Partners LP et. al. under Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") and thereafter entered an order with respect thereto (the "**Disclosure Statement Order**"). The Disclosure Statement Order authorizes the Debtors to, among other things, solicit votes to accept the *Amended Joint Plan of Reorganization of Memorial Production Partners LP, et al. under Chapter 11 of the Bankruptcy Code* (as amended, modified, or supplemented from time to time, the "**Plan**").[3]

3.       **Confirmation Hearing**. A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before the Honorable Marvin Isgur, United States Bankruptcy Judge, in Room 404 of the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002, on **April 4, 2017 at 10:00 a.m. (Central Time)**, or as soon thereafter as counsel can be heard. The Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

---

[3] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Plan.

4.  **Voting Record Date**.  Holders of claims against or interests in the Debtors in Class 3 (Beta Trust Claims), Class 4 (RBL Credit Facility Claims), Class 5 (Unsecured Notes Claims), and Class 9 (Memorial Parent Interests) as of **February 21, 2017** (the "**Voting Record Date**") are eligible to vote to accept the Plan.

5.  **Voting Deadline**.  All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Rust Consulting/Omni Bankruptcy (the "**Voting Agent**") by **March 27, 2017 at 4:00 p.m. (Central Time)** (the "**Voting Deadline**").  Failure to follow the voting instructions included with the ballot may disqualify both the ballot and the vote.

6.  **Parties Not Entitled to Vote**.  Holders of unimpaired claims or interests are not entitled to vote and will not receive a ballot.

7.  **Objection to Confirmation**.  The deadline to object or respond to confirmation of the Plan is **March 27, 2017 at 4:00 p.m. (Central Time)** (the "**Plan Objection Deadline**") and must be: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with proof of service.  **IF AN OBJECTION TO THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY WILL BE BARRED FROM OBJECTING TO THE PLAN OR CONFIRMATION THEREOF AND WILL NOT BE HEARD AT THE CONFIRMATION HEARING.**

8.  **If confirmed, the Plan shall bind all holders of claims against and interests in the Debtors to the maximum extent permitted by law, whether or not such holder will receive or retain any property or interest in property under the Plan, filed a proof of claim in these chapter 11 cases, failed to vote to accept or reject the Plan, or voted to reject the Plan.**

9.  **Additional Documents**.  Copies of the Plan and the Disclosure Statement may be obtained free of charge by visiting the website maintained by the Voting Agent at www.omnimgt.com/MemorialPP.  Copies of the Plan and Disclosure Statement may also be obtained by calling the Voting Agent at +1 (877) 773-8184 (toll free), or sending an electronic mail message to MEMP@omnimgt.com with "MEMP" in the subject line.

10. **Releases and Injunctions**.  **Section 10 of the Plan contains injunction, release, and exculpation provisions, including third party releases.  If the Plan is confirmed by the Bankruptcy Court, these provisions will (with limited exceptions) be binding on all holders of a claim against or interest in any Debtor, regardless of whether the claim or interest of such holder is impaired under the Plan and whether such holder has accepted the Plan.  Thus you are advised to consider the Plan carefully because your rights may be affected thereunder.**

11. **Plan Supplement.**  The Debtors will file and serve any supplement to the Plan no later than March 24, 2017.

WEIL:\96036842\3\62739.0004

Dated: _____, 2017
        Houston, Texas

BY ORDER OF THE COURT

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511

*Attorneys for the Debtors and*
*Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer (*pro hac vice*)
Joseph H. Smolinsky (*pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for the Debtors and*
*Debtors in Possession*

4

**Exhibit 2 to Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| MEMORIAL PRODUCTION PARTNERS LP, *et al.*, | § § § § | Case No. 17-_____ (___) |
| Debtors. | § § § | (Jointly Administered) |

### SUMMARY OF PLAN TREATMENT WITH RESPECT TO CLASS 9 (MEMORIAL PARENT INTERESTS) AND ADDITIONAL RELATED INFORMATION

Memorial Production Partners LP ("Memorial Parent") and its debtor affiliates (collectively, the "Debtors") have started solicitation for a plan of reorganization (the "Plan").[1]  You are receiving this notice because Memorial Parent's books and records show that as of [February 20], 2017, you own an equity security in Memorial Parent, including limited partnership units or other instrument evidencing an ownership in Memorial Parent (the "Memorial Parent Interests" and a holder thereof a "Memorial Limited Partner").

If the Plan is confirmed, then all Memorial Parent Interests will be cancelled, and each Memorial Limited Partner will receive (i) new common shares (the "New Common Shares") representing an aggregate of 2% of the equity of the corporation that will become the corporate parent for the reorganized Debtors ("Memorial Parent NewCo") and (ii) cashless warrants to acquire additional New Common Shares representing an aggregate of 8% of the total issued and outstanding New Common Shares on the effective date of the Plan, subject to the dilution by certain equity issuances. Subject to the terms of the Plan, the cashless warrants will be exercisable for up to five years after the effective date of the Plan at a per share exercise price equal to the principal and interest accrued on the Debtors' unsecured notes as of December 31, 2016 divided by the number of issued and outstanding New Common Shares (the "Memorial Limited Partner Warrants"), as determined in accordance in the Plan.  Upon exercise of the warrants, you will be entitled to a portion of New Common Shares without paying cash for the share issue.

The Plan reflects a settlement among the Debtors' various stakeholders whereby holders of the Debtors' unsecured notes (the "Unsecured Noteholders") have agreed to forgo a portion of the value to which they are entitled under the absolute priority rule to facilitate a recovery for Memorial Limited Partners.

If the Plan is confirmed, then the Debtors, with the agreement of their lenders, will take certain steps to minimize any adverse tax impacts on Memorial Limited Partners.  Memorial Limited Partners are urged to review the Plan and Disclosure Statement regarding potential tax consequences applicable under the Plan.

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Plan.

1.      **Background on Chapter 11 Cases**:  On January 16, 2017 (the "**Petition Date**"), each Debtor commenced a case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

2.      **Filing of the Plan and Disclosure Statement**:  On the Petition Date, the Debtors filed the Plan and a proposed disclosure statement (the "**Disclosure Statement**") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.  The Plan has the support of lenders holding 100% of the principal amount outstanding under the Debtors' secured revolving credit facility and holders of approximately 69% of the Debtors' unsecured notes.  On [_____], 2017, the Bankruptcy Court held a hearing at which it approved the Disclosure Statement and thereafter entered an order authorizing the Debtors to solicit votes for the Plan.

3.      **Obtaining Copies of the Plan and Disclosure Statement**:  Copies of the Plan and the Disclosure Statement may be obtained free of charge by visiting the website maintained by the Debtors' voting agent, Rust Consulting/Omni Bankruptcy (the "**Voting Agent**"), at www.omnimgt.com/MemorialProductionPartners. Copies of the Plan and Disclosure Statement may also be obtained by calling the Voting Agent at +1 (877) 773-8184 (toll free), or sending an electronic mail message to MEMP@omnimgt.com with "MEMP" in the subject line.

4.      **Treatment of Claims under the Plan**:  If the Plan is confirmed, then approximately $1.1 billion in principal amount of the Debtors' unsecured notes (the "**Unsecured Notes**") will be cancelled, and the Unsecured Noteholders will receive New Common Shares representing an aggregate of 98% of the equity of Memorial Parent NewCo, subject to dilution by certain equity issuances specified in the Plan.  Additional information regarding the treatment of the Unsecured Notes can be found in Section 4.5 of the Plan.

5.      **Treatment of Memorial Parent Interests under the Plan**:  If the Plan is confirmed, then all Memorial Parent Interests will be cancelled and holders of Memorial Parent's limited partnership units will receive (i) New Common Shares representing an aggregate of 2% of the equity of Memorial Parent NewCo and (ii) cashless warrants to acquire additional New Common Shares representing an aggregate of 8% of the total issued and outstanding New Common Shares on the Effective Date, subject to dilution by certain equity issuances specified in the Plan, and exercisable for a five (5) year period after the Effective Date, all as more fully described in the Plan and Disclosure Statement.  As set forth in the liquidation analysis attached as **Exhibit C** to the Disclosure Statement, if the Debtors were liquidated and the proceeds distributed, then the Debtors believe that you would be entitled to **no recovery** instead of the treatment set forth above and in the Plan.

6.      **Tax Impact:**  If the Plan is confirmed, then certain Unsecured Noteholders will take a series of actions designed to minimize any adverse tax consequences that would otherwise affect you as a result of the Plan's implementation (the "**Restructuring Transactions**").    Additional information regarding the Restructuring Transactions can be found in Section 5.12 of the Plan.

7.      **Section 10 of the Plan contains injunction, release, and exculpation provisions, including third party releases.  If the Plan is confirmed, these provisions will (with limited exceptions) be binding on you regardless of whether you voted to accepted the Plan.  You are advised to consider the Plan carefully because your rights may be affected thereunder.  As described in more detail on the enclosed ballot, you have the ability to opt-out of granting the third-party releases by timely returning the ballot with the appropriate elections.**